IN THE UNITED STATES DISTRICT COURT IN AND FOR THE NORTHERN
DISTRICT OF FLORIDA
CASE NO: 4:16-cv-00613-MW-CAS

S B,

        Plaintiff,

v.

FLORIDA AGRICULTURAL AND
MECHANICAL UNIVERSITY BOARD OF
TRUSTEES,

        Defendant.

_____/

**Plaintiff's Motion to Supplement the Record re: Motion to Dismiss (ECF No. 52) and Cross-Motion to Proceed Anonymously (ECF No. 53) and <u>Incorporated Memorandum of Law</u>**

    Plaintiff SB, by and through undersigned counsel, and pursuant to N.D. Fla. Loc. R. 7.1, hereby moves to supplement the Record relative to Defendant's Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 10 (ECF No. 52) and Cross-Motion to Proceed Anonymously (ECF No. 53), based on deposition testimony obtained subsequent to the close of briefing on those motions, and as good cause states:

1. In its Response to Plaintiff's Cross-Motion to Proceed Anonymously, Defendant refutes that it is in the public interest for Plaintiff to be allowed to proceed anonymously. See, Def.'s Resp., ECF 56 at p. 3.

2. Briefing was closed with respect to the aforesaid motions by August 29, 2017.

3. Subsequently, on September 7, 2017, the continued deposition of Defendant's Title IX Coordinator, Ms. Carrie Gavin, was conducted in this matter.[1]

4. During that deposition, Ms. Gavin, speaking in her official capacity as the Defendant's Title IX Coordinator, provided testimony that Plaintiff asserts materially impacts the determination of whether the public interest would be served by allowing Plaintiff to proceed anonymously. Plaintiff asserts that impact includes whether there will be a chilling effect on the willingness of FAMU sex crime victims to report those crimes against them in the future based on the outcome of whether Plaintiff is permitted to proceed anonymously, as well as the possible adverse impact to be expected on someone who has already reported such

---

[1] Defendant is required by federal law to have a "Title IX Coordinator". 34 C.F.R. § 106.8 (a) ("Each recipient [of federal educational funds] shall designate at least one employee to coordinate its efforts to comply with and carry out its responsibilities under this part, including any investigation of any complaint communicated to such recipient alleging its noncompliance with this part or alleging any actions which would be prohibited by this part.")

crimes to Defendant's officials, expecting confidentiality. This includes expectations generated as a result of Defendant having published a policy that such confidentiality will be assured.

5. Ms. Gavin's testimony in this regard is legally significant. The Title IX Coordinator is expressly responsible for such issues pursuant to federal law, which provides that his or her duty is directly related to receiving such complaints. 34 C.F.R. § 106.8 (b) ("A recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action which would be prohibited by this part.")

6. Further, guidance from the U.S. Department of Education provides that the Title IX Coordinator's duty directly relates to encouraging reporting, without which ensuring nondiscrimination would, obviously, be impeded. In this regard, the U.S. Department of Education has published its guide for Title IX coordinators, providing that, "the Title IX coordinator is an integral part of a recipient's systematic approach to ensuring nondiscrimination, including a nondiscriminatory environment." U.S. Department of Education, Office for Civil Rights, Title IX Resource Guide (Apr. 2015) at p. 2.[2]

---

[2]  Available at: https://www2.ed.gov/about/offices/list/ocr/docs/dcl-title-ix-coordinators-guide-201504.pdf

7. Even more specifically, the Department has indicated:

> The coordinator may help the recipient by coordinating the implementation and administration of the recipient's procedures for resolving Title IX complaints, including educating the school community on how to file a complaint alleging a violation of Title IX, investigating complaints, working with law enforcement when necessary, and ensuring that complaints are resolved promptly and appropriately. *The coordinator should also coordinate the recipient's response to all complaints involving possible sex discrimination to monitor outcomes, identify patterns, and assess effects on the campus climate.* Such coordination can help an institution avoid Title IX violations, particularly violations involving sexual harassment and violence, by preventing incidents from recurring or becoming systemic problems. …

*Id.* (emphasis added).

8. The efficacy of complaint reporting procedures in identifying instances of discrimination is also squarely within the Title IX Coordinator's duties. As the Department of Education has indicated:

> These procedures provide an institution with a mechanism for discovering incidents of discrimination or harassment as early as possible and for effectively correcting individual and systemic problems.

*Id.* at p. 4.

9. Perhaps most significant to the issues in this motion, the Department of Education has indicated that:

> … because the Title IX coordinator must have knowledge of all Title IX reports and complaints at the recipient institution, *the Title IX coordinator is generally in the best position to evaluate confidentiality requests from complainants* in the context of providing a safe, nondiscriminatory environment for all students.

*Id.* at p. 16 (emphasis added).

10. Federal district courts have generally granted motions to supplement the record on showing of good cause and when the information might impact the ultimate conclusion of the Court's consideration of the issue, denying them when not. See, e.g., *U.S. v. Guba, Nicor International Corp. v. El Paso Corp.*, 318 F. Supp. 2nd 1160, 1169 (S.D. Fla. 2004) (motion to supplement the record denied where "additional discovery or record evidence would not change the Court's ultimate conclusion.")

11. Here, Plaintiff respectfully asserts that because the outcome of the subject motions is impacted by the public interest, the testimony of Defendant's Title IX Coordinator as to that interest in other cases may well impact the Court's consideration of the matter and its conclusions. Indeed, Defendant has inherently acknowledged that it is for this Court to assess the public interest in that regard, while asserting that Plaintiff has not met her burden in that same respect. Def.'s Resp. to Pl.'s Cross-Mot. to Proceed Anonymously, ECDF No. 56 at p. 3.

WHEREFORE, based on the foregoing, Plaintiff respectfully requests leave to supplement the record regarding the aforesaid motions by filing with the Court those portions of Ms. Gavin's deposition that address the issues identified above.

## CERTIFICATION REGARDING ATTORNEY CONFERENCE

The undersigned certifies pursuant to N.D. Fla. Loc. R. 7.1 that a good faith attempt was made to resolve the issues in the foregoing motion through a meaningful conference with an attorney for the adverse party. However, no resolution or narrowing of the issues was achieved.

Respectfully submitted,

s/MICHAEL DOLCE
MICHAEL DOLCE
Florida Bar No.: 048445
mdolce@cohenmilstein.com
Cohen Milstein Sellers & Toll, PLLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone:  (561) 515-1400
Facsimile:   (561) 515-1401

*Attorneys for Plaintiff*

## **CERTIFICATION REGARDING WORD LIMIT**

The attorney filing this motion, named above, certifies that the number of words contained in this motion and memorandum, totals less than 1,250 words.

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2017 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

s/MICHAEL DOLCE
MICHAEL DOLCE
Florida Bar No.: 048445
mdolce@cohenmilstein.com
Cohen Milstein Sellers & Toll, PLLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone:  (561) 515-1400
Facsimile:   (561) 515-1401

*Attorneys for Plaintiff*

## SERVICE LIST

Jennifer T. Williams, Esq.
jtwilliams@cozen.com; SilvanaGomez@cozen.com
Hayes Hunt, Esq.
hhunt@cozen.com
Arthur Fritzinger, Esq.
afritzinger@cohen.com
Cozen O'Connor
200 S Biscayne Blvd., Suite 3000
Miami, FL 33131
Phone: (305) 704-5944
and
1650 Market Street
Suite 2800
Philadelphia, PA  19103
Phone: (215) 665-2000
Attorneys for FLORIDA AGRICULTURAL AND MECHANICAL UNIVERSITY BOARD OF TRUSTEES