IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

S. B.,

    Plaintiff,

v.                                     Case No. 4:16cv613-MW/CAS

FLORIDA AGRICULTURAL AND
MECHANICAL UNIVERSITY BOARD
OF TRUSTEES,

    Defendant.
_____/

**ORDER DENYING MOTION TO DISMISS AND GRANTING CROSS-MOTION TO PROCEED ANONYMOUSLY**

      This is a Title IX case. Plaintiff alleges that Defendant failed to fulfill its legal duties when Plaintiff reported three rapes that occurred while she was a student at the university administered by Defendant. In her complaint, Plaintiff uses her initials instead of her full name to protect her identity as a rape victim. After nearly ten months of cooperating with Plaintiff in this regard, Defendant has moved to dismiss pursuant to Federal Rule of Civil Procedure 10. This Court has considered, without hearing, Defendant's Motion to Dismiss, ECF No. 52, and Plaintiff's Cross-Motion to Proceed Anonymously, ECF No. 53. For the reasons set out below, the motion to dismiss is **DENIED** and the cross-motion to proceed anonymously is **GRANTED**.

I

1

Plaintiff is a former student of the public university administered by Defendant ("the University"). ECF No. 29 at 2-3. While enrolled there, Plaintiff claims she was raped on three separate occasions, each time by a different student of the University. *Id.* at 5, 7, 12. In the weeks that followed each alleged rape, Plaintiff reported to or sought support from the University's law enforcement officials, the University's Office of Judicial Affairs, the University's Title IX Coordinator, and other University employees and officials. *Id.* at 3, 5, 7-8, 12.

Plaintiff alleges that Defendant violated Title IX by failing to reasonably respond to each reported attack and by being deliberately indifferent to the hostile educational environment associated with each attack. *Id.* at 15-16, 20-21, 26-27, 31, 33-36, 38. Plaintiff also claims that Defendant breached its duty through negligent security, hiring, retention, and supervision. *Id.* at 45, 48.

On October 4, 2016, Plaintiff initially filed a Complaint with her initials instead of her full name as the party name. ECF No. 1. In the months that followed, both parties proceeded to use Plaintiff's initials on motions, briefs, and exhibits. ECF No. 52 at 2; ECF No. 53 at 1-3. Plaintiff subsequently filed an Amended Complaint on May 31, 2017, again using her initials. ECF No. 29 at 1-2. But on July 31, 2017, almost ten months after Plaintiff filed her lawsuit, Defendant moved to dismiss the Amended Compliant pursuant to Federal Rule of Civil Procedure 10. ECF No. 52. In response, Plaintiff filed a cross-motion to proceed anonymously. ECF No. 53.

II

Federal Rule of Civil Procedure 10 states that "[t]he title of the complaint must name all the parties." FED. R. CIV. P. 10(a). Though "[t]his creates a strong presumption in favor of parties' proceeding in their own names," "the rule is not absolute." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). A party may proceed anonymously if that party "has a substantial privacy right which outweighs 'the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A Aug. 1981)). And a district court's decision on a motion to proceed anonymously is reviewed for abuse of discretion. *Plaintiff B*, 631 F.3d at 1315 (citing *Frank*, 951 F.2d at 323).

In evaluating Plaintiff's asserted substantial privacy right in this case, this Court "should carefully review *all* the circumstances of [the] given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Frank*, 951 F.2d at 323 (citing *Southern Methodist University Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) [hereinafter, *SMU*]). "The first step in analyzing a plaintiff's claim of a substantial privacy right is to look at the three factors analyzed in *SMU*." *Plaintiff B*, 631 F.3d at 1316 (citing *Stegall*, 653 F.2d at 185). Here, the first two factors of the three-part *SMU* test are relevant; namely, Plaintiff is challenging

3

governmental activity, since the University is a public educational institution, and Plaintiff is required to disclose information of the utmost intimacy. Plaintiff is alleging three separate incidents of rape. Though not every plaintiff alleging sexual assault must be permitted to proceed anonymously, "[t]he issues involved in this case could not be of a more sensitive and highly personal nature." *Plaintiff B*, 631 F.3d at 1317. The third factor of the *SMU* test, whether the plaintiff will be compelled to admit intention to engage in illegal conduct and thus risk criminal prosecution, is not met nor relevant considering the underlying facts.

Another factor this Court considers is "whether the [the plaintiff's] anonymity pose[s] a unique threat of fundamental unfairness to the defendant." *Id.* at 1316 (citing *SMU*, 599 F.2d at 713). Here, Defendant has known the Plaintiff's identity throughout the duration of this litigation. ECF No. 53 at 11. Moreover, Defendant "is not accused of culpability for committing a sex crime itself." *Id.* at 14. And, perhaps most importantly, this Court finds there is absolutely no legitimate public interest in outing a rape victim in a Title IX case.

### III

Defendant need not continue complying with Plaintiff's requests for anonymity "[a]s a matter of courtesy," but rather as a matter of law. ECF No. 52 at 2. Accordingly, **IT IS ORDERED:**

1. Defendant's motion to dismiss, ECF No. 52, is **DENIED**.

2. Plaintiff's cross-motion to proceed anonymously, ECF No. 53, is **GRANTED**.

3. The Clerk shall **seal: Exhibits "E," "F," and "G" of ECF No. 31; Exhibits "2" and "3" of ECF No. 33; Exhibit "C" of ECF No. 34; Exhibits "A," "B," and "H" of ECF No. 63; the Motion to Complete the Deposition of Plaintiff's Mother, ECF No. 71, and Exhibits "A" and "B" of ECF No. 71; and the Transcript of Telephonic Proceedings, ECF No. 74.**

**SO ORDERED on February 5, 2018.**

                                                   *s/Mark E. Walker*  ____
                                                   **United States District Judge**