IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

S.B.,

      **Plaintiff,**

v.                                        Case No.:  4:16cv613-MW-CAS

FLORIDA AGRICULTURAL AND MECHANICAL
UNIVERSITY BOARD OF TRUSTEES,

      **Defendant.**

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR
PLAINTIFF TO BE REFERRED TO BY HER FULL NAME AT TRIAL**

Plaintiff, S.B.[1], is suing Florida Agricultural and Mechanical University's Board of Trustees ("FAMU") under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a). This Court has previously issued an Order stating that Plaintiff may proceed anonymously. *See* ECF No. 77. Notwithstanding that Order, at this juncture FAMU filed a motion for Plaintiff to be referred to by her full name at trial pursuant to Federal Rule of Civil Procedure 10. ECF No. 99. Plaintiff filed an opposition to FAMU's motion. ECF No. 106. For the reasons discussed below, FAMU's motion, ECF No. 99, is **DENIED**.

---

[1] This Order refers to Plaintiff by her initials to protect her identity. This Court has already ruled that Plaintiff may proceed anonymously. ECF No. 77.

FAMU argues that Plaintiff should be referred to by her name at trail for two main reasons: (1) "it gives the jurors and the public the impression that [this] Court has already made a determination regarding Plaintiff's status as a victim of rape and sexual battery and implies that S.B. was a juvenile when she was a student at FAMU," and (2) it is "fundamentally unfair to FAMU, FAMU's employees, and Plaintiff's alleged perpetrators because all individuals and organizations have been subjected to negative public scrutiny and will continue to be at trial." ECF No. 99, at 5–6, 10–11.

Considering FAMU's first concern, FAMU's counsel could easily explain to the jury that there has been no judicial determination that Plaintiff was a victim of sex crimes, and that FAMU contests that she was. FAMU could highlight that Plaintiff's allegations are, after all, simply allegations. FAMU could also explain to the jury that it is not uncommon for alleged rape victims to be referred to by pseudonyms or their initials, and that nothing should be inferred about the veracity of Plaintiff's claims by virtue of that anonymity. Moreover, FAMU could easily explain to the jury that Plaintiff was not a minor at the time of the alleged sexual assaults, as that is not a contested fact. FAMU, of course, could ask this Court to so instruct the jury.

Considering FAMU's second concern, although this Court understands that FAMU has been subject to negative public scrutiny, FAMU or its employees are

not alleging that they were sexually assaulted. FAMU does not seem to acknowledge the severity, seriousness, sensitivity, or personal nature of rape allegations. As highlighted in this Court's previous Order, FAMU "is not accused of culpability for committing a sex crime itself." ECF No. 77 at 4. Moreover, the alleged perpetrators are not parties to the instant suit, and they are free to testify at trial should they wish to do. FAMU had the option to—but chose not to—file a motion requesting this Court to use pseudonyms or initials for the alleged assailants. Outing an alleged rape victim simply because other parties or individuals involved in the lawsuit are not proceeding anonymously serves no legitimate public interest. Finally, this Court is not persuaded by FAMU's reliance on *National Rifle Association of America, Inc. v. Pam Bondi*, No. 4:18-cv-00137-MW-CAS (N.D. Fla. May 13, 2018) (Walker, J.) as that case did not involve a rape victim.

    This Court understands the concerns of FAMU and carefully considered the sensitive issues raised. However, this Court still stands by its previous Order that Plaintiff may proceed anonymously. *See* ECF No. 77. Without summarizing this Court's previous Order, *see* ECF No. 77, this Court finds that nothing has changed since the issuance of that Order, and that Plaintiff *still* "has a substantial privacy right which outweighs 'the customary and constitutionally-embedded presumption

of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A Aug. 1981)).

Accordingly, FAMU's motion for Plaintiff to be referred to by her full name at trial, ECF No. 99, is **DENIED**.

**SO ORDERED on March 27, 2019.**

> <u>s/Mark E. Walker</u>
> **Chief United States District Judge**