**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

| | |
|---|---|
| David J. Smith<br>Clerk of Court | For rules and forms visit<br>www.ca11.uscourts.gov |

August 17, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 19-11800-AA
Case Style: S B v. Florida Agricultural and Mecha
District Court Docket No: 4:16-cv-00613-MW-CAS

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call T. L. Searcy, AA at (404) 335-6180.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11800
_____

D.C. Docket No. 4:16-cv-00613-MW-CAS

S.B.,

                      Plaintiff-Appellee,

versus

FLORIDA AGRICULTURAL AND MECHNICAL
UNIVERSITY BOARD OF TRUSTEES,

                      Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 17, 2020)

Before MARTIN, NEWSOM, and BALDOCK,[*] Circuit Judges.

MARTIN, Circuit Judge:

---

[*] Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit, sitting by designation.

Plaintiff S.B. sued Florida Agricultural and Mechanical University's Board of Trustees ("FAMU") for violations of Title IX and for common law negligence. FAMU filed a motion to dismiss under Federal Rule of Civil Procedure 10 because S.B. did not use her full name in her complaint. In addition to her opposition to the motion to dismiss, S.B. also filed a cross-motion to proceed anonymously. The district court denied FAMU's motion to dismiss and granted S.B.'s cross-motion. Four months later, FAMU filed another Rule 10 motion, this time asking for S.B. to be referred to by her full name at trial. The district court denied FAMU's motion and reaffirmed its prior ruling that S.B. could proceed anonymously. This time, FAMU filed an interlocutory appeal. Because FAMU's interlocutory appeal concerns the same issue resolved by the district court's first order granting S.B.'s motion to proceed anonymously—which FAMU did not appeal—we dismiss the appeal as untimely.

I.

S.B. alleges she was raped three separate times during her freshman year at Florida Agricultural and Mechanical University, each time by a different student at the university. She states that after each assault, she sought support from the university's employees and officials, but that the university responded unreasonably or in a manner that created a hostile educational environment. S.B.'s initial complaint against FAMU alleged one count of violating Title IX of the

Education Amendments Act of 1972 ("Title IX"), 20 U.S.C. § 1681 et seq., and one count of common law negligence. She later filed an amended complaint, alleging seven counts under Title IX and two counts of common law negligence.[1] S.B. filed both her initial complaint and her amended complaint without using her full name.

Although FAMU filed motions to dismiss in response to each of S.B.'s complaints, neither motion addressed S.B.'s use of a pseudonym. FAMU first objected to S.B.'s use of a pseudonym ten months into litigation, in its third motion to dismiss. In that motion, FAMU argued that S.B.'s complaint violated Federal Rule of Civil Procedure 10(a), which provides that the title of a complaint must name all parties to the litigation.

In response to FAMU's motion to dismiss, S.B. filed a combined opposition to FAMU's motion to dismiss and cross-motion to "Compel Compliance with Confidentiality Laws and to Proceed Anonymously." With respect to FAMU's motion to dismiss, S.B. argued that neither Rule 10 nor circuit precedent require dismissal under these circumstances. As to her cross-motion to proceed anonymously, S.B. argued that, as a rape victim, she had a privacy interest in remaining anonymous under both state and federal law. S.B. later moved to

---

[1] The district court later granted summary judgment to FAMU as to all claims except for two alleged Title IX violations.

3

supplement the record with respect to her cross-motion. She asked that the court consider recent deposition testimony from FAMU's Title IX coordinator, who testified during a deposition that requiring victims to disclose their names would have a chilling effect on students' willingness to report assaults. The district court granted S.B.'s motion to supplement the record.

The district court then denied FAMU's motion to dismiss and granted S.B.'s cross-motion to proceed anonymously. It held that S.B. had a substantial privacy right in remaining anonymous because (a) FAMU is a public education institution, so S.B. was challenging governmental activity; and (b) S.B. is alleging three separate incidents of rape, she would be forced to disclose information of the utmost intimacy. The Court also determined that S.B.'s anonymity would not pose any unique threat of fundamental unfairness to FAMU because it already knew S.B.'s identity, and because S.B. was not accusing FAMU itself of committing sexual assault. Finally, the Court stated that "perhaps most important[]" to its analysis was its conclusion that "there is absolutely no legitimate public interest in outing a rape victim in a Title IX case."

Several months later, FAMU filed a "Motion for Plaintiff to Be Referred to by Her Full Name at Trial Pursuant to Federal Rule of Civil Procedure 10." FAMU argued that S.B.'s use of a pseudonym at trial would be fundamentally unfair because (a) it implies that S.B. is a victim; (b) FAMU and other non-

4

pseudonymous witnesses would have to endure negative publicity during trial; (c) the use of a pseudonym implies that S.B. was a minor, when in fact she was an adult at the time of the alleged assaults; (d) procedures that the court will have to use during trial—such as clearing the courtroom for S.B.'s testimony, and restricting media access—may bias the jury. S.B. opposed FAMU's motion, which she argued was merely an attempt by FAMU to rehash its previous motion to dismiss for S.B.'s failure to use her full name in her amended complaint. She also argued that FAMU could avoid any possible misinterpretations of her anonymity by properly instructing the jury. S.B. said she would not oppose such instructions.

The district court denied FAMU's motion. It held that FAMU's counsel could address its trial prejudice concerns by explaining them to the jury or requesting the court to properly instruct the jury. As to FAMU's argument that it would be subject to negative press publicity, the district court noted that FAMU itself was not accused of committing a sex crime. Finally, the district court incorporated its previous order denying FAMU's motion to dismiss and granting S.B.'s cross-motion to proceed anonymously. It stated, "[w]ithout summarizing this Court's previous Order, . . . this Court finds that nothing has changed since the issuance of that Order, and that Plaintiff still has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." R. Doc. 120 at 3–4 (quotation marks omitted).

FAMU then filed a notice of interlocutory appeal which designated the district court's order denying the motion for S.B. to be referred to by her full name at trial. In response, the district court entered an order requiring FAMU to explain how the district court could be divested of jurisdiction given FAMU's failure to appeal the court's previous order granting S.B. leave to proceed anonymously. FAMU responded that the district court's previous order addressed only whether S.B. could use a pseudonym in her pleadings, whereas the order FAMU sought to appeal addressed whether S.B. could proceed anonymously at trial. The district court held that in an "abundance of caution," it would enter an order staying the matter pending appeal. Nevertheless, the court observed that "[i]t seems that Defendant seeks to relitigate the same issue for which it chose not to file a timely interlocutory appeal."

## II.

On appeal, FAMU raises several arguments as to why the district court abused its discretion by denying its motion for S.B. to use her full name at trial. S.B. responds that the district court did not abuse its discretion, but that in any event, FAMU's interlocutory appeal is untimely because FAMU failed to appeal the district court's first order granting S.B. leave to proceed anonymously. We conclude that FAMU's interlocutory appeal is untimely, and thus, we are without

jurisdiction. Because we lack jurisdiction over FAMU's claims, we do not address the merits of its various arguments that the district court abused its discretion.[2]

Both parties appear to agree an order granting leave to proceed anonymously—such as the order at issue in this case—is a final appealable order under the collateral order doctrine. Appellant's Br. at 1; Appellee's Br. at 1. While this Court has previously held that an order denying anonymity for a party constitutes a final appealable order, see S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe, 599 F.2d 707, 711–12 (5th Cir. 1979),[3] it has never held as much with respect to an order granting leave to proceed anonymously. There is reason to doubt that such an order is immediately appealable. A denial of leave to proceed anonymously is immediately appealable in part because plaintiffs face irreparable harm if they cannot seek immediate review. Id. at 712. That is because the identities of the plaintiffs, "once revealed, [cannot] again be concealed." Id. On the other hand, a defendant challenging an order granting a motion to proceed anonymously does not face the same irreparable harm. If a

---

[2] FAMU argues the district court erred by (a) incorrectly considering the fact that S.B. is suing a governmental entity; (b) holding that S.B. would have to disclose information of the utmost intimacy without considering the circumstances of the case; (c) requiring FAMU to rebut a presumption of anonymity; (d) failing to consider the risk of unfairness to FAMU at trial; and (e) creating a blanket rule that plaintiffs in Title IX cases are entitled to anonymity.

[3] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. Id. at 1209.

7

district court errs in granting a motion, an appellate court may reverse and remand for additional proceedings in which plaintiff is required to reveal their identity. We need not decide this issue at this time, however, because even if an order granting leave to proceed anonymously is immediately appealable, FAMU's interlocutory appeal would be untimely.

Federal Rule of Appellate Procedure 4(a)(1) requires that an appellant file a notice of appeal within 30 days of the date of entry of judgment or order appealed from. The 30-day time limit imposed by Rule 4(a)(1) is jurisdictional in nature. Bowles v. Russell, 551 U.S. 205, 208, 127 S. Ct. 2360, 2363 (2007). The Supreme Court has held that when a court re-enters a judgment without altering the substantive rights of the parties, the entry of the second judgment does not affect the time within which a party must appeal the first order. FTC v. Minneapolis-Honeywell Reg. Co., 344 U.S. 206, 211, 73 S. Ct. 245, 248 (1952). "Only when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken . . . begin to run anew." Id. at 211–12, 73 S. Ct. at 248–49 (footnotes omitted). The test to determine whether the second judgment "has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality" is "a practical one." Id. at 212, 73 S. Ct. at 249.

Here, it is plain that the district court's second order granting S.B. leave to proceed anonymously did not disturb or revise legal rights settled by the first order. The district court's first order granted S.B.'s cross-motion to "proceed anonymously." Neither S.B.'s cross-motion, nor the district court's order granting that motion, were limited to any particular phase of litigation. In her cross-motion, S.B. argued that she was entitled to proceed anonymously because she was a sexual assault victim, and that information pertaining to her sexual assault "could not be of a more sensitive and highly personal nature." She further argued that publicly disclosing her identity would be at odds with FAMU's policy of protecting the confidentiality of sexual assault victims; state and federal statutes prohibiting disclosure of assault victims' personally identifying information; and this Court's precedent. S.B. supplemented the record with deposition testimony that disclosing the identities of sexual assault victims would make victims less likely to report assaults in a university setting. None of these arguments or authorities that S.B. relied on in her cross-motion were specific to any particular phase of litigation. Rather, they advance the general proposition that an alleged rape victim like S.B. should be allowed to remain anonymous throughout litigation.

Beyond that, the standard for determining whether a plaintiff may proceed anonymously does not differ depending on the stage of litigation. In both pretrial

9

and trial settings, we have held that the relevant question is whether the plaintiff "has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." Plaintiff B v. Francis, 631 F.3d 1310, 1315–16 (11th Cir. 2011) (addressing a motion to proceed anonymously at trial); Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992) (per curiam) (addressing a motion to dismiss for failing to use full name on complaint).  The first step is to consider three factors: whether the plaintiff is challenging governmental activity; whether the plaintiff will be required to disclose information of the utmost intimacy; and whether the plaintiff will be compelled to admit their intention to engage in illegal conduct.  Plaintiff B, 631 F.3d at 1316; Frank, 951 F.2d at 323.  Along with these factors, a court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns."  Plaintiff B; 631 F.3d at 1316 (quotation marks and emphasis omitted).  This includes, for example, whether the plaintiff's anonymity "pose[s] a unique threat of fundamental unfairness to the defendant."  Id.

In the district court's order addressing FAMU's motion to dismiss and S.B.'s cross-motion to proceed anonymously, the district court applied this test for determining whether a plaintiff may proceed anonymously.  It concluded that S.B. was entitled to anonymity because (a) S.B. was challenging governmental activity

10

given FAMU's status as a public institution; (b) S.B. would have to disclose matters of utmost intimacy as a rape victim; and (c) FAMU was not faced with a unique threat of fundamental unfairness because FAMU was not itself accused of sexual assault, and FAMU had known the victim's identity throughout the litigation. The reasons given by the district court were in no way limited to the pleading or discovery phases of litigation. It is apparent, therefore, that the court granted S.B. leave to proceed anonymously for the remainder of her proceedings.[4]

The district court's second order, which denied FAMU's motion for S.B. to be referred to by her full name at trial, did not disturb or revise the right to proceed anonymously decided by the first order. Minneapolis-Honeywell, 344 U.S. at 212, 73 S. Ct. at 249. The district restated many of the conclusions from its previous order. For instance, it again noted that FAMU itself was not accused of culpability for committing a sex crime, and thus whatever "negative public scrutiny" FAMU faced did not outweigh S.B.'s privacy interest. R. Doc. 120 at 2–3. And as it did in the first order, the district court again held that S.B.'s interest in preserving her

---

[4] We recognize that a district court may expressly limit a ruling concerning anonymity to pretrial proceedings. See James v. Jacobson, 6 F.3d 235, 235 (4th Cir. 1993) (noting that the district court entered an order granting the plaintiffs leave to proceed under a pseudonym, but that "if the signatory judge presided at trial, no party or witness should testify 'except under his or her true name'"); Lawson v. Rubin, No. 17-cv-6404 (BMC) (SMG), 2019 WL 5291205, at *1 (E.D.N.Y. Oct. 18, 2019) (observing in an order concerning the right to proceed anonymously at trial that the court's original order granting leave to proceed anonymously "stated its ruling was subject to review at future stages in the litigation"). Here, however, nothing in the district court's first order suggested that its relief was limited to pretrial proceedings.

11

anonymity as an alleged rape victim outweighed the public interest in open judicial proceedings. Id. at 3–4.  For these reasons, the district court stated that it "stands by its previous Order that Plaintiff may proceed anonymously." Id. at 3.

It is true, as FAMU points out, that the district court's second order also addressed FAMU's argument that allowing S.B. to remain anonymous would inflict prejudice specific to a trial setting.  The district court rejected, for example, new arguments from FAMU that allowing S.B. to remain anonymous at trial would cause jurors to assume she was assaulted, and that she was a minor at the time of the assaults.  FAMU says that because it raised these arguments concerning trial prejudice for the first time in its motion for S.B. to use her full name at trial, the order denying that motion was necessarily distinct from the district court's previous order concerning anonymity.  The upshot of FAMU's argument is that a litigant could avoid the deadline to appeal a collateral order by raising, at any time, new arguments on an issue that has already been decided.  We decline FAMU's invitation to sanction this type of end run around Rule 4's filing deadlines.  Cf. Mendez v. Republic Bank, 725 F.3d 651, 660 (7th Cir. 2013) (observing that motions for reconsideration under Rule 60(b) should not "be[] used to evade the deadline to file a timely appeal").

FAMU advances several other arguments in support of its view that the district court's first order did not address whether S.B. could proceed anonymously

at trial.  First, FAMU says the district court's first order held only that S.B. could "file [her] amended complaint under her initials."  Appellant's Reply Br. at 4.  This is not correct.  As stated above, the district court's original order addressed not only FAMU's motion to dismiss for S.B.'s failure to use her full name in her pleadings, but also S.B.'s cross-motion to proceed anonymously.  While FAMU's motion to dismiss may have been limited to whether S.B. could file her complaint under a pseudonym, S.B.'s cross motion to proceed anonymously was not.

FAMU next argues that "Plaintiff's own response to FAMU's motion to dismiss shows that she understood that her anonymity at trial was not at stake in that motion." Id. at 6.  FAMU says S.B. distinguished one of the cases FAMU cited in its motion to dismiss—Plaintiff B—by pointing out that it "did not involve a ruling on whether a plaintiff could file a complaint under a pseudonym, but whether the plaintiff could remain anonymous at trial." Id. (emphasis omitted).  This, according to FAMU, proves that S.B.'s motion to proceed anonymously was limited to the pleading stage.  Id.  However, FAMU does not accurately portray S.B.'s response to its motion to dismiss.  Although S.B. stated that Plaintiff B addressed a motion to proceed anonymously at trial, she did so only to refute FAMU's suggestion that Plaintiff B held that "anonymous pleadings are simply not permissible."  R. Doc. 53 at 11.  S.B. did not, however, claim that Plaintiff B was inapposite for addressing a motion to proceed anonymously at trial.  To the

13

contrary, S.B. affirmatively relied on Plaintiff B for its observation that issues of sexual assault "could not be of a more sensitive and highly personal nature." Id. at 12 (quoting Plaintiff B, 631 F.3d at 1316–17).

Finally, FAMU cites its opposition to S.B.'s cross-motion to proceed anonymously as proof that the first order did not decide whether S.B. could remain anonymous at trial. FAMU specifically directs the court's attention to its statement in its brief opposing S.B.'s cross-motion that "FAMU filed its motion to dismiss so that 'the Court can determine whether Plaintiff has met her burden to proceed anonymously under the First Amendment so that the parties may proceed accordingly in filings and in discovery.'" Appellant's Reply Br. at 6 (alterations adopted) (quoting R. Doc. 56 at 1–2). But this statement at most suggests that FAMU's motion to dismiss was focused on S.B.'s right to remain anonymous in pretrial proceedings. It says nothing about S.B.'s cross-motion, which contained an open-ended request to proceed anonymously. In the district court's first order, it denied FAMU's motion to dismiss and granted S.B.'s cross-motion to proceed anonymously. FAMU asks us to close our eyes to this procedural reality. We will not.

## III.

The district court's second order denying FAMU's motion for S.B. to use her full name at trial did not disturb or revise the right decided in its order granting

14

S.B. leave to proceed anonymously.  <u>Minneapolis-Honeywell</u>, 344 U.S. at 212, 73 S. Ct. at 249.  FAMU did not appeal the first order within the 30-day time limit prescribed by Federal Rule of Appellate Procedure 4(a)(1).  Because FAMU's interlocutory appeal is untimely, it is **DISMISSED** for lack of jurisdiction**.**